# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARMERS GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> L.J. LINDER AND ASSOCIATES INSURANCE SERVICES, INC., et al., <br><br> Defendants. | Case No. 1:18-cv-00256-SAB <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> (ECF No. 25) |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff FARMERS GROUP, INC. ("Plaintiff" or "Farmers") and Defendants L.J. LINDER AND ASSOCIATES INSURANCE SERVICES, INC.; REDNIL INSURANCE BROKERS, INC.; LAWRENCE JAMES LINDER; and CAMERON ROSS LINDER (collectively "Defendants"), through counsel undersigned, jointly submit this Stipulated Protective Order to govern the handling of information and materials produced in the course of discovery or filed with the Court in advance of trial in this action.

### **GOOD CAUSE STATEMENT PURSUANT TO L.R. 141.1(c)**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The

parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.

**Statement Under L.R. 141.1(c)(1):** Examples of confidential information that the parties may seek to protect from unrestricted or unprotected disclosure include:

a) Information that is the subject of a non-disclosure or confidentiality agreement or obligation;

b) The names of a party's vendors, distributors, or customers (or other information tending to reveal their identities);

c) Agreements with third-parties;

d) Information related to budgets, sales, profits, costs, margins, product pricing, or other internal financial/accounting information, including non-public information related to financial condition or performance and income or other non-public tax information;

e) Information showing the price or other information related to the terms of sale or purchase of products and materials relevant to this case;

f) Information related to internal operations, including personnel information;

g) Information related to past, current, and future market analyses and business and marketing development, including plans, strategies, forecasts and competition; and,

h) Trade secrets (as defined by the jurisdiction in which the information is located).

**Statement Under L.R. 141.1(c)(2):** Generally speaking, information and documents shall only be designated under this protective order because the Designating Party believes the information or documents are proprietary, confidential, and/or trade secret information that the Designating Party would not release publicly. Unrestricted or unprotected disclosure of such confidential, technical, commercial, or personal information would result in prejudice or harm to the Producing Party by revealing the Producing Party's competitive confidential information. Such information will have been developed at the expense of the Producing Party and represent valuable tangible and intangible assets of that party. Additionally, privacy interests must be safeguarded. Accordingly, the parties

respectfully submit that there is good cause for the entry of this Protective Order.

**Statement Under L.R. 141.1(c)(3):** The parties submit that protecting the confidential nature of information in this way will be most efficient for the parties and the Court. That is because the liability issues in trademark infringement case will involve the mutual exchange of documents and other information that each party may consider to be its proprietary, confidential, and trade secret information. Remedies issues in this case are likely to involve the mutual exchange of business-sensitive financial, pricing, and related information. The parties have met and conferred on this issue and agree that any private agreement between the parties to safeguard this information will only need to be replicated through orders of this Court at the time of filing dispositive or non-dispositive motions.

## PROTECTIVE ORDER

1. DEFINITIONS.

    (a) The term "Challenging Party" shall mean a Party or Non-Party that challenges the designation of information or items under this Order.

    (b) The term "Confidential" shall mean information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

    (c) The term "Counsel" shall mean the attorneys of record for any party in this action, their associates and their staff. If any party seeks to add counsel of record or substitute counsel of record, then no "Confidential" Documents and information shall be discussed to such additional or substitute counsel of record until they have agreed to this stipulation by executing the attached Exhibit A.

    (d) The term "Designating Party" shall mean a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

    (e) The term "Documents" shall have the same meaning as the terms "documents and electronically stored information" as used in Rule 34 of the Federal Rules of Civil Procedure.

    (f) The term "Expert" shall mean a person with specialized knowledge or experience in a matter pertinent to this litigation who has been retained by a Party to serve as an expert witness or as a consultant in this litigation and who, at the time of retention, is not anticipated to become an officer,

director, or employee of a Party. Nothing in this Protective Order purports to alter in any way the requirements for offering testimony under Fed. R. Evid. 703, or to define the term "expert" for purposes other than those addressed in this Protective Order.

(g) The term "House Counsel" shall mean attorneys who are employees of a party to this action. House Counsel does not include outside counsel of record, or any other outside counsel.

(h) The term "Non-Party" shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

(i) The term "Party" shall mean any party to this action, including all of its officers, directors, employees, and consultants retained in the ordinary course of business.

(j) The term "Producing Party" shall mean a Party or Non-Party that produces information or other discovery material in this action.

(k) The term "Professional Vendors" shall mean persons or entities that provide litigation support services (*e.g.,* photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

(l) The term "Protected Material" shall mean any information or other discovery material that is designated as "Confidential."

(m) The term "Receiving Party" shall mean a Party that receives information or other discovery material from a Producing Party.

2. DESIGNATING PROTECTED MATERIAL.

(a) Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designations. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify under the appropriate standards so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.,* to unnecessarily encumber or retard

the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

(b) <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order or as otherwise stipulated or ordered, discovery material and information that qualify for protection under this Order must be clearly so designated before the material is disclosed or produced. The Designating Party must use reasonable efforts to ensure that the applicable legend appears on each page of each file produced, as permitted by the particular format of a given Document.

(c) <u>Materials Subject to Designation</u>. Each party to this litigation may designate any Document, thing, interrogatory answer, admission, deposition testimony, and portions of such materials, or other information which it has provided or which a third-party has provided as "Confidential" in accordance with this Protective Order. The party designating such information as "Confidential" shall be known as the "Designating Party" and the designation shall be set out thereon. In designating Documents or information as "Confidential," the Designating Party's counsel shall make a good faith determination, before applying the designation, that the information warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure.

(d) <u>Designating Originals or Tangible Items</u>. In the event the Producing Party elects to produce original Documents and things for inspection rather than produce copies of Documents, no marking need be made by the Producing Party in advance of the initial inspection. Thereafter, upon selection of specified Documents for copying by the inspecting party, the Producing Party shall mark the copies of such Documents as may contain protected subject matter with the appropriate confidentiality marking at the time the copies are produced to the inspecting party. Said marking shall not delay the production of the copies. Information obtained by counsel from initial review of Documents, whether in written form or not, shall be maintained as "Confidential" unless such information is produced without a designation of confidentiality, or as otherwise designated by the Producing Party.

(e) <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to

designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

3. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>.

(a) <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable and substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b) <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

(c) <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within twenty-one (21) days of the initial notice of challenge or within fourteen (14) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Any

motion seeking relief from the Court must comply with Local Rule 251, including the Joint Statement requirement, and Hon. Boone's Standing Order ¶ 6. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion, including the required declaration within fourteen (14) days (or seven (7) days, if applicable), shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

Nothing in this Paragraph 3(c) shall prevent the parties from jointly stipulating to the Informal Telephonic Conference procedure set forth in Hon. Boone's Standing Order ¶ 7.

///

4. <u>ACCESS TO "CONFIDENTIAL" MATERIALS</u>.

(a) A Receiving Party may only use "Confidential" Materials that are disclosed or produced by another Party or by a Non-Party in connection with prosecuting, defending, or attempting to settle this litigation. Such "Confidential" Material may be disclosed only to the categories of person and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions for Final Disposition of Protected Material set forth below.

(b) Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may only disclose any information or item designated as "Confidential" to:

(i) the Receiving Party's outside counsel of record, as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose this information;

(ii) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(iii) Experts (as defined in this Order) of the Receiving Party and employees of said Experts to whom it is reasonably necessary to disclose this information, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(iv) the court and its personnel;

(v) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(vi) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be so marked by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(vii) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

5. STORAGE OF PROTECTED INFORMATION BY RECEIVING PARTY.

The recipient of any Confidential materials provided under this Protective Order (including copies or excerpts made thereof) shall maintain such information in a secure and safe area, and shall exercise reasonable and proper care with respect to the storage, custody, use, and/or dissemination of such information.

6. TREATMENT OF PROTECTED MATERIAL AT DEPOSITIONS IN THIS LITIGATION.

(a) Deposition of the Authors and Recipients of Protected Material. With respect to Documents designated as including "Confidential," any person indicated on the face of the Document to be its originator, author, or recipient may be shown the Documents. Additionally, any Document designated as including "Confidential" may be shown to any employee of the Designating Party

and/or the party that produced in this litigation the Document so designated during the deposition of that employee if it is reasonably probable that the employee would have access to or knowledge of the information contained in that Document.

(b) <u>Exclusion of Certain Persons From Protected Deposition Testimony</u>. Any Party shall have the right to exclude from attendance at a deposition, during such time as the "Confidential" Documents or information is to be disclosed, every individual not entitled under the Protective Order to receipt of the information, excluding the deponent and the court reporter and/or videographer. The Parties shall exercise restraint if and when excluding persons from a deposition pursuant to this paragraph.

(c) <u>Procedure for Designating Transcript Sections as Protected Material</u>. Whenever a deposition taken on behalf of any party involves a disclosure of "Confidential" Documents or information of any party, said deposition or portions thereof shall be designated as containing "Confidential" subject to the provisions of this Protective Order at the time the deposition is taken whenever possible; *however*, any Party shall have until ten (10) days after receipt of the deposition transcript within which to designate, in writing, those portions of the transcript it wishes to remain designated as "Confidential," and the right to make such designation shall be waived unless made within the ten (10) day period. During such ten (10) period, the entirety of the transcript shall be deemed designated "Confidential" to preserve the right of any Party to make a final designation of "Confidential" during that ten (10) day period.

7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>.

If a Party is served with a subpoena or a court order issues in another litigation that compels disclosure of any information or items designated in this action as "Confidential," that Party must:

(a) Promptly notify the Designating Party in writing. Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify, in writing, the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "Confidential" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8. <u>PROTECTED MATERIAL OF A NON-PARTY SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>.

(a) <u>Applicability</u>. The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "Confidential." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) <u>Notice Procedure</u>. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(i) Promptly notify, in writing, the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(ii) Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(iii) Make the information requested available for inspection by the Non-Party.

(c) <u>Disclosure and Remedy</u>. If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the above notice and accompanying

10
STIPULATED PROTECTIVE ORDER

information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

11. <u>FINAL DISPOSITION</u>.

(a) <u>Upon Termination of this Action</u>. Within sixty (60) days after a final disposition of the action, which shall include entry of final judgment and the exhaustion of all rights of appeal, or a dismissal of the action, a Receiving Party shall either return to the Producing Party or destroy all

Documents and things or transcripts of depositions, together with all copies thereof, which have been designated "Confidential." Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

12. MISCELLANEOUS.

    (a) Right to Seek Modification. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

    (b) Right to Assert Other Objections. By stipulating to entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    (c) Filings of Protected Material. A Party that seeks to file under seal any Protected Material must fully comply with Local Rule 141.

**STIPULATION**

IT IS HEREBY STIPULATED by and among the parties, through their undersigned counsel, that the foregoing Stipulated Protective Order may be entered in this action subject to the consent of this Court.

Dated: October 16, 2018

GORDON REES SCULLY MANSUKHANI, LLP

By:     */s/* Aaron P. Rudin
    Calvin E. Davis
    Aaron P. Rudin
    *Attorneys for Plaintiff*

| | | |
|---|---|---|
| 1 | Dated: October 16, 2018 | McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP |
| 2 | | |
| 3 | | |
| 4 | | By: */s/ Shane G. Smith* |
| 5 | | Timothy J. Buchanan |
| | | Shane G. Smith |
| 6 | | *Attorneys for Defendants* |

-oOo-

## SIGNATURE ATTESTATION

I hereby attest that concurrence has been obtained from Aaron P. Rudin, counsel for Plaintiff Farmers Group, Inc., as indicated by a "conformed" signature (/s/) within this e-filed document.

/s/ Shane G. Smith
Shane G. Smith

**ORDER**

Pursuant to the stipulation of the parties, IT IS HEREBY ORDERED that:

1. The protective order is entered;
2. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents which are to be filed under seal will require a written request which complies with Local Rule 141; and
3. The party making a request to file documents under seal shall be required to show good cause for documents attached to a nondispositive motion or compelling reasons for documents attached to a dispositive motion. <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-78 (9th Cir. 2009).

IT IS SO ORDERED.

Dated: **October 17, 2018**

UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [type or print full name] of _____ [print or type full address], hereby declare under penalty of perjury that I have read and am fully familiar with the terms of the Protective Order entered in *Farmers Group, Inc. v. L.J. Linder & Associates Insurance Services, Inc., Rednil Insurance Brokers, Inc., Larry James Linder, and Cameron Ross Linder*, Case No. 1:18-cv-00256-SAB, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court.

I acknowledge that I am about to receive Confidential information in said action, and hereby certify my understanding that such information is being provided to me pursuant to the terms and restrictions of the Protective Order. I understand that such information, and any copies I make of any material containing "Confidential" information, or any notes or other records that may be made regarding any such information, shall not be disclosed to others, except other persons that are identified in or have agreed to comply with and be bound by the terms of the Protective Order. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____[print or type full name] of _____
_____
_____ [print or type full address, telephone number, and email address] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____